THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIAM MCKOBY,

    Plaintiff,

    v.

JAY INSLEE, *et al.*,

    Defendants.

CASE NO. C18-1079-JCC

ORDER

This matter comes before the Court on Plaintiff William McKoby's complaint (Dkt. No. 5). Mr. McKoby is proceeding *pro* se and *in forma pauperis* ("IFP"). (Dkt. No. 5.) Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an IFP complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (clarifying that Section 1915(e) applies to all IFP proceedings, not just those filed by prisoners). A claim is frivolous if lacks "an arguable basis in fact or law." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted if the alleged claims are not facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Mr. McKoby sues Defendants Jay Inslee, Robert Ferguson, and the State of Washington,

among others, alleging they "have engaged in a course of conduct over the past several years which has and is causing multiple Constitutional violations against 'we the people' and the United States of America." (Dkt. No. 5 at 1.) Mr. McKoby goes on to list and quote from a number of federal and state laws, without explaining what Defendants did to violate any of them. (*See generally id.*) Mr. McKoby's allegations and claims are conclusory and generally incomprehensible. (*See id.* at 3) (alleging the following claims: "1) malicious prosecution with false imprisonment. 2) Extortion of property under color of official right in an ongoing racketeering enterprise. 3) Extortion activities which directly discriminate against the poor. 4) Illegally obtaining articles of commerce in the interference therewith. 5) Mailing threatening communications to public vehicular travelers.")

Even applying the Ninth Circuit's directive to construe *pro se* complaints liberally, the Court cannot find that Plaintiff has stated a claim upon which relief can be granted. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Moreover, the Court finds that Mr. McKoby's claims are frivolous because they lack an arguable basis in fact or law. *Neitzke*, 490 U.S. at 325. Therefore, the Court DISMISSES Mr. McKoby's complaint (Dkt. No. 5) with prejudice. Dismissal with prejudice is appropriate because the Court can conceive of no facts that would cure the deficiencies in Mr. McKoby's complaint. *See Swartz v. KPMG LLP*, 476 F.3d 756, 761 (9th Cir. 2007). The Clerk is DIRECTED to close this case. The Clerk is further DIRECTED to send a copy of this order to Mr. McKoby.

DATED this 31st day of July 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE